## UNITED STATES DISTRICT COURT

## IN THE WESTERN DISTRICT OF MICHIGAN

DUNLAP DEVELOPMENT, L.L.C,
a Michigan Limited Liability Company,

        Plaintiff,

vs.

JEROME FINK, an individual and
a resident of California

        Defendant.

Civil Action No. _____

Hon. _____

Ottawa County Case 15-04158-CZ
Hon. Jon VanAllsburg

| | |
|---|---|
| Thomas M. Wardrop (P38268) <br> Wardrop & Wardrop, P.C. <br> Attorneys for Plaintiff <br> 300 Ottawa Avenue, NW, Suite 150 <br> Grand Rapids, MI 49503 <br> (616) 459-1225 | Ray H. Littleton II (P69733) <br> David Russell (P68568) <br> Laura J. Genovich (P72278) <br> Foster, Swift, Collins & Smith, P.C. <br> Attorneys for Defendant <br> 1700 East Beltline, N.E., Suite 200 <br> Grand Rapids, MI 49525-7044 <br> (248) 539-9903 |

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

TO:   CLERK OF THE COURT
       Thomas M. Wardrop

Defendant, Jerome Fink ("Jerry"), through his counsel, Foster Swift Collins & Smith, P.C., hereby removes this action filed by Plaintiff, Dunlap Development LLC ("Dunlap") from the Ottawa County Circuit Court to the United States District Court for the Western District of Michigan. Jerry's counsel has contacted Dunlap's counsel to seek concurrence and there is no objection to the removal of this lawsuit to the Western District of Michigan. In support of this Notice of Removal, Jerry, through his counsel, and states as follows:

1. On April 16, 2015, the Circuit Court for the County of Ottawa received Dunlap's Complaint against Jerry alleging claims for Breach of Contract, Declaratory Judgment, Tortious Interference with Advantageous Business Relationship and Breach of Fiduciary Duty arising out of the Chapter 7 Bankruptcy Trustee's sale and assignment (free and clear of any and all liens, claim and/or other interests,) of two Dunlap membership interests to Partnership Liquidity Investors III, LLC, which is a Delaware Limited Liability Company owned and managed by Jerry.  A copy of the Summons, Complaint and Exhibits, which constitute all of the process, pleadings or orders received by Jerry's counsel in this action, are attached as **Exhibit A**.

2. Jerry is an individual who resides in Huntington Beach, County of Orange, **California**.

3. Dunlap is a Michigan Limited Liability Company and has a principal place of business located at 8436 Homestead Avenue, Suite 210, Zeeland, **Michigan** 49464.

4. On July 17, 2014, George D. Holmes, a member of Dunlap at the time, filed a voluntary Chapter 7 Bankruptcy petition in the Unites States Bankruptcy Court for the Western District of Michigan, Case No. 14-04833, and Thomas R. Tibble was appointed Chapter 7 Bankruptcy Trustee. See Complaint at ¶10.

5. On July 31, 2014, Carl Blauwkamp, a member of Dunlap at the time, filed a voluntary Chapter 7 Bankruptcy petition in the Unites States Bankruptcy Court for the Western District of Michigan, Case No. 14-05130, and Thomas R. Tibble was appointed Chapter 7 Bankruptcy Trustee. See Complaint at ¶11.

55565:00001:2252488-1

6.      In response to the two bankruptcy filings (and during their pendency), the remaining members of Dunlap, who consisted of Scott Geerlings, Randall G. Price and Steven C. Berry, attempted to amend sections 3.4 and 5.3 of Dunlap's Amended and Restated Operating Agreement through the Action of Members By Written Consent without an order from the Bankruptcy Court as part of an apparent plan to make the interests of the bankrupt members unmarketable to the detriment of the Bankruptcy Estate and creditors. See Complaint at ¶9. The attempted and purported changes to section 3.4 were the following:

- Dunlap could determine that loans are needed for Dunlap operations based on a vote of member's owning Sharing Ratios of more than fifty (50%) percent; and

- Because in exchange for mortgage financing, Mercantile Bank required the Dunlap members,  (in existence at that time), to personally guaranty payment of their pro rata portion of Dunlap's debt (which is in total approximately $2,150,000), if any member transfers his membership interest in the company, the new member must either (1) provide a personal guaranty of payment of his or her pro rata portion on the ownership percentage of Dunlap's debt to Mercantile Bank or make a loan to Dunlap equal to the Member's Sharing Ratio multiplied by the current balance of the Bank loan to be used to make a principal payment on the Mercantile Bank loan.

*Id.*

7.      With respect to section 5.3 of the attempted amendment to the Operating Agreement, the changes purported to provide that a member's transfer to a non-member would not extinguish the member's liability under section 3.3 to make additional capital contributions when required and any capital call arrearage existing on the date of transfer shall be assumed and payable by the transferee. *Id*. Further if the arrearage is not paid by the other members, it will be charged against the membership interest and accrue interest at 7% per annum until either paid or until future distributions equal to the balance owed are withheld. *Id.*

55565:00001:2252488-1

8.      This attempted amendment was signed by only Scott Geerlings, Randall G. Price, and Steven C. Berry.  *Id.* It was **not signed and agreed to** by the members who were in bankruptcy (despite the fact that it attempted to create an obligation against their interests or an encumbrance against their interests) or the Bankruptcy Trustee, and it was **never signed or agreed to** by Jerry. See *id.*

9.      On January 7, 2015, the Trustee filed his Motion for Authority to Sell the Estate's Membership Interest in Dunlap Development, LLC in the George D. Holmes case and in the Carl Blauwkamp case. **Exhibit B**.  Dunlap initially attempted to purchase the two interests and made a total offer of $25,000 ($12,500 to the Estate of George Holmes and $12,500 to the Estate of Carl Blauwkamp), *Id.;* however, Jerry, on behalf of Partnership Liquidity Investors II, LLC,[1] or its assignee, made a higher and better offer in the total amount of $30,000, ($15,0000 to the Estate of George Holmes and $15,000 to the Estate of Carl Blauwkamp); see the January 14, 2015 Letter of Intent and Offer to Purchase attached as **Exhibit C**.[2]

10.      The January 14, 2015 Letter of Intent and Offer to Purchase specifically stated that:

> This offer does not include an agreement to assume any of the guaranties or indemnities given in connection with the loans to the

---

[1] Partnership Liquidity Investors II, LLC and Partnership Liquidity Investors III, LLC are both Delaware Limited Liability Companies.

[2] It is worth noting that on January 13, 2015, Jerry, on behalf of Partnership Liquidity Investors II, LLC or assignee submitted a Letter of Intent and Offer to Purchase by email for $20,000. After the Trustee responded by stating that the other members' offer of $25,000 was higher and would require a deposit, Jerry, on behalf of Partnership Liquidity Investors II, LLC or assignee sent out on January 15, 2015 by regular mail a Letter of Intent and Offer to Purchase of $30,000 with a deposit of $30,000. On January 26, 2015, the Trustee's counsel responded by email that she received the offer and deposit.

real property, companies, or partnerships.  Consequently, this offer is conditioned upon there being no such assumption of the existing guaranties/indemnities. Sale is "as is, where is" with no warranties express or implied."
*Id.*

11.    On February 17, 2015, the Eastern District Bankruptcy Court conducted a hearing on the Trustee's Motions. See Assignment Agreement of Interest in Dunlap Development, LLC, a Michigan Limited Liability Company attached as **Exhibit D**. All members of Dunlap were present through their counsel. *Id.* Jerry, on behalf of Partnership Liquidity Investors II, LLC or assignee was also present through his counsel. *Id.*

12.    The bid amount that was set forth in the January 14, 2015 Letter of Intent and Offer to Purchase was presented to the Bankruptcy Court and although given an opportunity, none of the members of Dunlap made a higher bid. *Id*. In fact, they advised the court that they would not make an increased bid. *Id.*

13.    As a result, on February 21, 2015, the Bankruptcy Court entered an Order Confirming Sale of Estate's Membership Interest in Dunlap Development, LLC in the George D. Holmes case and in the Carl Blauwkamp case.

14.    On March 3, 2015, the Trustee signed and approved the attached Assignment Agreement providing that the membership interests were transferred "free and clear of any and all liens, claims and/or other interest in the property sold, as provided in the Trustee's Motions, to Partnership Liquidity Investors III, LLC." *Id.* Partnership Liquidity Investors III, LLC was the assignee of Jerome Fink on behalf of Partnership Liquidity Investors II, LLC or assignee.

55565:00001:2252488-1

15.     On March 19, 2015, Dunlap, through its counsel, issued a demand letter to Jerry demanding that Jerry, instead of Partnership Liquidity Investors III, LLC, sign the Amended Restated Operating Agreement, pay Mr. Holmes and Mr. Blauwkamp's accrued capital call liability in the amount of $17,394.02, pay a March 2015 capital call in the amount of $2,965.52 and **sign a personal guaranty in the amount of $793,723.21 or loan Dunlap $793,723.21**. See Exhibit 1 to the Complaint.

16.     It is Jerry's position that there is no merit to this demand because he, nor does his assignee, Partnership Liquidity Investors III, LLC, have any legal obligation to pay Dunlap capital call contributions or to loan or execute a personal guaranty in the amount of $793,723.21 under Michigan law.

17.     On April 30, 2015, Jerry's counsel contacted Dunlap's counsel and agreed to accept service of the Complaint. The parties have also stipulated that Jerry will file a response to Dunlap's Complaint on or before May 29, 2015.

18.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between citizens of different states.

19.     A civil action may be removed to federal court if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

20.     Complete diversity exists here because:

    a.     According to the Complaint, Dunlap is a Michigan limited liability company with a principal place of business located in Ottawa County, Michigan. See Complaint, ¶5; and

b.    Jerry is an individual who resides in Huntington Beach, County of Orange, California.

21.    Pursuant to 28 U.S.C. § 1332(a), the amount alleged by Dunlap in this controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorney fees as a result of its demand for Jerry to loan or execute a personal guaranty in the amount of $793,723.21 and pay the capital call contributions of Mr. Holmes and Mr. Blauwkamp.

22.    This removal petition is timely under 28 U.S.C. § 1446(b) because Jerry filed this Notice of Removal within thirty (30) days of the first date upon which it received copies of the pleadings setting forth the claim for relief upon which this removal is based.

23.    Where this Court has original diversity, Jerry is entitled to remove this action from the Ottawa County Circuit Court to this Court, pursuant to 28 U.S.C. § 1441(a).

24.    In accordance with 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal and a copy of this Notice of Removal will be filed with the Ottawa County Circuit Court, and a copy of said Notices will be served upon counsel of record for Dunlap.

25.    By filing this Notice of Removal, Jerry has not waived any of his rights to raise objections to personal jurisdiction or venue.[3]

Wherefore, Defendant Jerome Fink requests that this Court exercise jurisdiction over this action and grant such other relief as this Court deems proper.

---

[3] It is well settled that if the state court would lack jurisdiction over a party, the federal court acquires none upon removal. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); Removal, in itself, does not constitute a waiver of the right to object to lack of jurisdiction that could have been exercised in the state court. *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 401, 409 (1928); *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996); *Nationwide Eng'g & Control Sys.,Inc. v. Thomas,* 837 F.2d 345, 347-48 (8th Cir. 1988); *Allen v. Ferguson*, 791 F.2d 611, 614-15 (7th Cir. 1986); see also *Lambert v. Kysar*, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) ("[F]iling of a removal petition in a diversity action, without more, does not waive the right to object in federal court to the state court venue.").

Respectfully submitted,

Foster, Swift, Collins & Smith, P.C.

By:  /s/ Ray H. Littleton II
Ray H. Littleton II (P69733)
David Russell (P68568)
Laura J. Genovich (P72278)
Attorneys for Defendant
1700 East Beltline, N.E., Suite 200
Dated:  May 8, 2015                    Grand Rapids, MI 49525-7044

55565:00001:2252488-1

## UNITED STATES DISTRICT COURT

## IN THE WESTERN DISTRICT OF MICHIGAN

DUNLAP DEVELOPMENT, L.L.C,
a Michigan Limited Liability Company,

        Plaintiff,

vs.

JEROME FINK, an individual and
a resident of California

        Defendant.

Civil Action No. _____

Hon. _____

Ottawa County Case 15-04158-CZ
Hon. Jon VanAllsburg

| | |
|---|---|
| Thomas M. Wardrop (P38268)<br>Wardrop & Wardrop, P.C.<br>Attorneys for Plaintiff<br>300 Ottawa Avenue, NW, Suite 150<br>Grand Rapids, MI 49503<br>(616) 459-1225 | Ray H. Littleton II (P69733)<br>David Russell (P68568)<br>Laura J. Genovich (P72278)<br>Foster, Swift, Collins & Smith, P.C.<br>Attorneys for Defendant<br>1700 East Beltline, N.E., Suite 200<br>Grand Rapids, MI 49525-7044<br>(248) 539-9903 |

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 8, 2015, Defendant's Notice of Filing Notice of Removal, Notice of Removal To Federal Court and this Certificate of Service were served upon the attorney(s) of record for all parties to the above cause by mailing same to them at their respective addresses as disclosed by the pleadings of record herein, with postage fully prepaid.  The statement above is true to the best of my knowledge and belief.

                                            */s/ Gail Johnson*
                                            GAIL JOHNSON

55565:00001:2252488-1

# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>20th JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | CASE NO.<br>15-04158-CZ<br>Hon. Jon Van Allsburg |
|---|---|---|

Court address  RM 320
414 Washington Street, Grand Haven, MI 49417

Court telephone no.
(616) 846-8320 8315

| Plaintiff's name(s), address(es), and telephone no(s).<br>DUNLAP DEVELOPMENT, L.LC.,<br>a Michigan limited liability company | v | Defendant's name(s), address(es), and telephone no(s).<br>JEROME FINK<br>416 9th Street<br>Huntington Beach, CA  92648 |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no.
Thomas M. Wardrop (P38268)
Wardrop & Wardrop, P.C.
300 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI  49503
(616) 459-1225

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>April 16, 2015 | This summons expires<br>July 16, 2015 | Court clerk<br>JUSTIN F. ROEBUCK  BY: |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (Include city, township, or village)<br>Ottawa County, MI | Defendant(s) residence (Include city, township, or village)<br>California |
|---|---|
| Place where action arose or business conducted<br>Ottawa County, MI | |

Date  4/14/15

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08) **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE |
|---|

**SUMMONS AND COMPLAINT**
Case No. 15-04158    -CZ

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE |
|---|

☐ **OFFICER CERTIFICATE**                    **OR**                    ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:    (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:    (notarization required)

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                         Date

My commission expires: _____ Signature: _____
                           Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

| ACKNOWLEDGMENT OF SERVICE |
|---|

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                       Attachments

_____ on _____
                                      Day, date, time

_____ on behalf of _____
Signature

Received: 4/16/2015 OCClerk

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

DUNLAP DEVELOPMENT, L.L.C.,
a Michigan limited liability company,

      Plaintiff,

v.

JEROME FINK, an individual,

      Defendant.

_____/

Case No: 15-04158 -CZ

Honorable Jon. VanAllsburg

Thomas M. Wardrop (P38268)
WARDROP & WARDROP, P.C.
Attorneys for Plaintiff
300 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI  49503
(616) 459-1225

_____/

## COMPLAINT

There is no other civil action arising out of this action or between the parties.

This is a matter that involves a business dispute and it should be assigned to the Specialized Business Court for the Ottawa County Circuit Court.

The Plaintiff, Dunlap Development, L.L.C., by and through its attorneys, Wardrop & Wardrop, P.C., for its Complaint against Defendant, states as follows:

1.    Dunlap Development, L.L.C. ("Dunlap Development"), is a Michigan limited liability company that does business in Ottawa County, Michigan.

2.    Defendant is an individual who conducts business in the State of Michigan, including Ottawa County.

3.    The amount in controversy exceeds $25,000.00, exclusive of interest, costs and attorney fees and jurisdiction otherwise lies in this Court.



"15004158CZ"

Received: 4/16/2015 OCClerk

## COMMON FACTUAL ALLEGATIONS

4.      Plaintiff, Dunlap Development, was formed on October 4, 1996.

5.      Dunlap Development is a real estate development firm whose principal place of business is located in Ottawa County, Michigan.

6.      Defendant is an individual who regularly conducts business in the State of Michigan.

7.      The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction otherwise lies in this Court.

8.      On or about April 1, 2012, Dunlap Development amended and restated its Operating Agreement. (Defendant is in possession of a copy of the Amended and Restated Operating Agreement).

9.      On or about August 12, 2014, the Members of Dunlap Development amended Sections 3.4 and 5.3 of the Amended and Restated Operating Agreement in Action of Members by Written Consent (Defendant is in possession of a copy of the Action of Members by Written Consent.)

10.     On July 17, 2014, George D. Holmes, a Member of Dunlap Development, filed a voluntary Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Western District of Michigan, Case #14-04833.

11.     On July 31, 2014, Carl Blauwkamp, then a Member of Dunlap Development, filed a voluntary Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Western District of Michigan, Case #14-05130.

12.     On February 21, 2015, the United States Bankruptcy Court for the Western District of Michigan issued an Order Confirming the Sale of the Estate's Membership Interest in

2

Dunlap Development in both the George D. Holmes case and the Carl Blauwkamp case. Copies of these Orders are attached as Exhibits B and C, respectively.

13.    At the sale of the membership interest at the Bankruptcy Court, Members of Dunlap Development were bidding on the membership interests of Carl Blauwkamp and George D. Holmes.

14.    Because of its debt service and the loan provisions regarding Dunlap Development's loan with Mercantile Bank, the other Members of Dunlap Development were concerned that a financially secure buyer purchase Mr. Blauwkamp's and Mr. Holmes' interest in Dunlap Development.

15.    Based upon the information and knowledge they had at the time, the Members of Dunlap Development were satisfied that a sale to Mr. Fink would be a prudent sale and, therefore, they did not bid higher on the membership interests of Dunlap Development that were being auctioned by the Bankruptcy Trustee.

16.    In the Order Confirming Sale of Estate's Membership Interest in Dunlap Development in the Carl Blauwkamp bankruptcy case, the Court stated as follows:

> IT IS FURTHER ORDERED that the Trustee is authorized to sell, transfer and convey the Estate's 18.34% membership interest in Dunlap Development, LLC to Jerome Fink for the sum of $15,000.00.

17.    In the George D. Holmes bankruptcy case, the Court entered an Order which provided as follows:

> IT IS FURTHER ORDERED that the Trustee is authorized to sell, transfer and convey the Estate's 18.34% membership interest in Dunlap Development, LLC to Jerome Fink for the sum of $15,000.00.

18.    As stated by the Court in *In re: Markey*, 144 B.R. 738 (1992), "It is axiomatic that a court speaks through its orders."

3

Received: 4/16/2015 OCClerk

19.    Defendant was provided with the Amended and Restated Operating Agreement and Action of Members by Written Consent prior to the sale of the membership interest. The Amended and Restated Operating Agreement provided that any assignment of membership interest was prohibited without the consent of all of the other members. [A copy of the notice to Defendant's counsel is attached as **Exhibit 1**.]

20.    Subsequent to the Orders issued by the Bankruptcy Trustee (see Exhibits B and C), the Bankruptcy Trustee entered into an "Assignment Agreement of Interest in Dunlap Development, LLC, a Michigan Limited Liability Company." A copy of this Agreement is attached as Exhibit D and its provisions are incorporated by reference.

21.    On February 24, 2014, Partnership Liquidity Investors III, LLC provided notice to Dunlap member, Randall G. Price, and his CPA, Harold Fisher, that "Partnership Liquidity Investors III, LLC has acquired the Bankruptcy Estate of George Holmes and Carl Blauwkamp's interest in Dunlap Development, L.L.C."

22.    In the Assignment Agreement of Interest in Dunlap Development, the Trustee, instead of complying with the Court's Order, assigned the interest of Mr. Holmes and Mr. Blauwkamp in Dunlap Development, LLC to an entity named Partnership Liquidity Investors III, LLC, an assignee of Defendant in violation of the Amended and Restated Operating Agreement (and the Bankruptcy Court Orders).

23.    On March 19, 2015, Attorney Bob Cooper, on behalf of Plaintiff, sent Defendant a letter [a copy of which is attached as **Exhibit 1**] that there had been accrued and unpaid capital calls which Dunlap Development had issued with respect to Blauwkamp and Holmes membership interest following the bankruptcy filing.

24.    Mr. Cooper also provided the Defendant with financial statements regarding Dunlap Development supporting the history of capital calls.

4

Received: 4/16/2015 OCClerk

25.    Mr. Cooper also requested that Mr. Fink sign the Amended and Restated Operating Agreement and provide his social security number for tax information.

26.    As of March 19, 2015 the accrued and unpaid capital call liability for the membership interests of Blauwkamp and Holmes through February 2015 was $17,394.02.  This amount has not been paid by the Defendant or the Defendant's assignee, Partnership Liquidity Investors III, LLC.

27.    Since that time, Dunlap Development issued capital calls for the membership interests formerly owned by Blauwkamp and Holmes.  The March capital call was $2,965.52 and the April capital call was $3,499.80.  Neither Defendant nor its assignee, has paid these capital calls.

28.    Dunlap Development has had monthly capital calls to its Members each month for at least the last eight years because of rental space vacancies.

29.    In addition to the capital calls, each of the Members of Dunlap Development have provided personal guarantees to Mercantile Bank relating to a Dunlap Development loan from Mercantile Bank.

30.    Mercantile Bank has indicated that the failure to provide the personal guarantee relating to the Holmes and Blauwkamp membership interests is a default under the loan.

31.    Currently, Dunlap Development is making the loan payments to Mercantile Bank.

<u>COUNT I</u>
<u>BREACH OF CONTRACT</u>

32.    Paragraphs 1 through 31 are incorporated by reference as if fully set forth herein.

33.    The failure of the Defendant to make the capital contributions from the date of filing bankruptcy to the date of purchase of the membership interests in Dunlap Development is a breach of contract and the Plaintiff has suffered damages.

Received: 4/16/2015 OCClerk

34.    The failure of the Defendant to make capital calls from the date of purchase of the membership interests to the date of the filing of this lawsuit is a breach of contract to which the Plaintiff has suffered damages.

35.    The Defendants failure to provide a guarantee to Mercantile Bank as required by the Amended and Restated Operating Agreement and Action of Members by Written Consent the bank loan documentation is a default to which Dunlap Development has suffered damages.

36.    The Plaintiff is entitled to its collection costs, including reasonable attorney's fees, pursuant to Article 3.3 of the Amended and Restated Operating Agreement.

WHEREFORE, for all the foregoing reasons, the Plaintiff requests that the Court find that the Defendant has breached the contract he has with Dunlap Development and that the Plaintiff has suffered damages.  The Plaintiff also requests that the Court enter a Judgment consistent with the proofs herein.  Finally, Plaintiff requests any additional relief that the Court deems is equitable and just.

## COUNT II
## DECLARATORY JUDGMENT

37.    Paragraphs 1 through 36 are incorporated by reference as though fully set forth herein.

38.    There is a dispute between the Plaintiff and the Defendant as to the ownership of Mr. Blauwkamp's and Mr. Holmes' interest in Dunlap Development.

39.    The Plaintiff is requesting that the Court enter a Judgment consistent with the Bankruptcy Court's Order declaring that Defendant is the proper owner of the membership interests of George D. Holmes and Carl Blauwkamp in Dunlap Development.

WHEREFORE, Plaintiff requests that the Court enter a Judgment confirming that Jerome Fink is the owner of the membership interests of George D. Holmes and Carl Blauwkamp in Dunlap Development, L.L.C. as set forth in the Order Confirming Sale of Estate's

6

Membership Interest in Dunlap Development, L.L.C. issued by the United States Bankruptcy Court for the Western District of Michigan. Plaintiff also requests any relief the Court deems equitable and just.

## COUNT III
## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP

40. Paragraphs 1 through 39 are incorporated by reference as though fully set forth herein.

41. Plaintiff has a business relationship with Mercantile Bank.

42. The business relationship with Mercantile Bank has a reasonable likelihood of future economic benefit to the Plaintiff.

43. Defendant knows of Plaintiff's business relationship with Mercantile Bank.

44. Defendant intentionally has interfered with the business relationship with Mercantile Bank by failing to sign a personal guaranty.

45. Defendant has improperly interfered with the Plaintiff's business relationship with Mercantile Bank.

46. Defendant's conduct has caused Mercantile Bank to disrupt its business relationship with the Plaintiff.

47. Plaintiff has been damaged as a result of Defendant's conduct.

WHEREFORE, for all the foregoing reasons, the Plaintiff requests that the Court find that the Defendant has breached the contract and that the Plaintiff has suffered damages. The Plaintiff also requests that the Court enter a Judgment consistent with the proofs herein. Finally, Plaintiff requests any additional relief that the Court deems is equitable and just.

7

Received: 4/16/2015 OCClerk

## COUNT IV
### Breach of Fiduciary Duty

48.     Paragraphs 1 through 47 are incorporated by reference as though fully set forth herein.

49.     The Defendant has a fiduciary duty to the Plaintiff.

50.     The Defendant has breached his fiduciary duty to the Plaintiff.

51.     As a result of the Defendant's breach of fiduciary duty, the Plaintiff has suffered damages.

WHEREFORE, for all the foregoing reasons, the Plaintiff requests that the Court find that the Defendant has breached the contract and that the Plaintiff has suffered damages. The Plaintiff also requests that the Court enter a Judgment consistent with the proofs herein. Finally, Plaintiff requests any additional relief that the Court deems is equitable and just.

Respectfully submitted,

WARDROP & WARDROP, P.C.,
Attorneys for Plaintiff

Dated: April 14, 2015        By:_____
                                 Thomas M. Wardrop (P38268)
                             Business Address:
                                 300 Ottawa Avenue, NW, Ste. 150
                                 Grand Rapids, MI 49503
                                 (616) 459-1225

280801040915.complaint

8

Received:4/16/2015 OCClerk

# ROBERT P. COOPER

## ATTORNEY AT LAW

| | | |
|---|---|---|
| MAILING ADDRESS: | BRIDGEWATER PLACE | TELEPHONE 616/235-8802 |
| P.O. BOX-3316 | 333 BRIDGE, N.W. • SUITE 1120 | FACSIMILE 616/235-8804 |
| GRAND RAPIDS, MI 49501-3316 | GRAND RAPIDS, MICHIGAN 49504 | EMAIL • COOPLAW@ISERV.NET |

March 19, 2015

**Via email to jerryfink@earthline.net and USPS First Class Mail**

Mr. Jerome A. Fink
416 9th Street
Huntington Beach, CA 92648

Dear Mr. Fink:

I am writing you on behalf of Dunlap Development, LLC ("Dunlap") regarding your purchase of 36.67 % membership interest in Dunlap previously owned by Carl Blauwkamp (18.335%) and George Holmes (18.335%). Your purchase was confirmed by the Bankruptcy Court by Order Confirming Sale dated February 21, 2015, entered in the Blauwkamp and Holmes bankruptcy cases. The bankruptcy trustee recently informed Dunlap that the sale to you has been finalized.

At the sale held in bankruptcy court on February 17, I delivered copies of Dunlap's Amended and Restated Operating Agreement and Action of Members By Written Consent to your attorney, Steve Bylenga. Several days later, I provided him with information about the amount of accrued and unpaid capital calls which Dunlap had issued with respect to the Blauwkamp and Holmes membership interests following their bankruptcy filing dates. I also provided him with the current balance of Dunlap bank debt. Each Dunlap member is required to either provide a personal guaranty of a pro rata share of the bank debt based on his percentage ownership, or to make a loan to Dunlap of the amount of his pro rata share of bank debt. A few days later, I spoke with another of your attorneys, Dan Bylenga, about the history of Dunlap capital calls to its members. I told him I thought it had been on-going for five years, but then found it was actually eight years, and confirmed that information in an email to Steve Bylenga. With all this information available to you, you elected to close on your purchase.

With respect to your 36.67% membership interest in Dunlap:

1. Sign and return the signature page to the Amended and Restated Operating Agreement. Also provide your SSN so that tax information can be correctly processed and reported.

2. The accrued and unpaid capital call liability on your membership interest since the Blauwkamp (7-31-14) and Holmes (7-17-14) bankruptcy filing dates through February 2015 is $17,394.02. The other Members have paid this in order to avoid a payment default on the bank

**EXHIBIT**

1

Received: 4/16/2015 OCClerk

loans. Under Section 3.3 of the Operating Agreement, this is treated as a loan to the defaulting member, payable on demand, and bearing interest at 7% until paid in full. The Members have assigned this claim to Dunlap, to be applied against their share of future capital calls. You need to pay $17,394.02 to Dunlap by March 31. If paid by then, Dunlap will accept payment of $17,394.02 as payment in full. If not paid by March 31, Dunlap intends to pursue collection of this amount, plus accrued interest. You are reminded that per Section 3.3 of the Operating Agreement, you are responsible for Dunlap's collection costs, including reasonable attorney fees.

3.   Your share of the March 2015 capital call issued by Dunlap is $2,965.52. This needs to be paid to Dunlap by March 31. If not paid by March 31, Dunlap intends to pursue collection. You are reminded that per Section 3.3 of the Operating Agreement, you are responsible for Dunlap's collection costs, including reasonable attorney fees.

We are providing your email address and mailing address to Doug Holtrop, Dunlap's loan officer at Mercantile Bank, and to Dan Becksvort, Dunlap's loan officer at Chemical Bank. They will be in touch with you to request your financial information, and will provide you with a Guaranty for your execution. Dunlap's bank loans are in a state of technical default because of the bankruptcies of two loan guarantors. The banks have been awaiting the results of the sale. Now that you have closed the purchase, you need to diligently respond to the banks' requests for your financial information and to provide your Guaranty so that the banks do not declare a default and call the loans immediately due and payable. The current principal balances of these loans are:

| | | |
|---|---|---|
| Mercantile Bank | - | $2,114,115.32 |
| Chemical Bank | - | $   50,387.63 |
| Total: | | $2,164,502.90 x 36.67% = $793,723.21 Guaranty |

Alternatively, you have the option of loaning Dunlap $793,723.21, which it will use to pay down the Bank loan balances. Dunlap would then begin making loan payments to you on the same terms as if your loan was still part of the Bank loan balances. Under either alternative, you need to take action by March 31 – either your Guarantys are in the Banks' possession by that date, or Dunlap needs to receive your loan of $793,723.21 by that date. If you do neither by March 31, then Dunlap intends to pursue all available legal and equitable remedies available to it as a result of your breach of your obligations as a successor owner of the Blauwkamp and Holmes membership interests in Dunlap.

I have made it clear to both your attorney and to the attorney for the bankruptcy trustee that the purpose of the requirements which have been adopted by Dunlap's members is so that all members are treated exactly the same. Since the other members have been making monthly capital call payments and have provided their personal Guarantys of their pro rata share of Bank debt, you should too. You bought your membership interest knowing that this was Dunlap's position, so Dunlap expects you to now fully perform your obligations as a member of Dunlap.

Received:4/16/2015 OCClerk

I am providing a courtesy copy of this letter to Steve Bylenga. You or he should contact me as soon as possible regarding your intentions.

Very truly yours,

Robert P. Cooper

Cc: Steve Bylenga via email to steve@chasebylenga.com
Dunlap Members

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CARL L. BLAUWKAMP,

Debtor.

Case No. 14-05130
Chapter 7
Honorable James W. Boyd

_____/

### TRUSTEE'S MOTION FOR AUTHORITY TO SELL ESTATE'S MEMBERSHIP INTEREST IN DUNLAP DEVELOPMENT, LLC

NOW COMES Thomas R. Tibble, Chapter 7 Trustee, by and through his attorneys, Purkey & Associates, PLC and pursuant to 11 U.S.C. § 363 seeks approval of the sale of the Estate's membership interest in Dunlap Development, LLC by stating as follows:

1.      On July 31, 2014, Carl Blauwkamp (the "Debtor") filed a voluntary chapter 7 petition.

2.      Thomas R. Tibble (the "Trustee") is duly appointed the Trustee in this chapter 7 proceeding.

3.      Among the assets owned by the Debtor is his membership interest in Dunlap Development, LLC.

4.      Dunlap Development, LLC, is a Michigan limited liability company and at the time his Bankruptcy Petition was filed the Debtor owned 18.34% of the company.

5.      George Holmes also filed a voluntary chapter 7 petition in this district, Case No. 14-04833 and Thomas R. Tibble is also the duly appointed Trustee in that proceeding.

6.      Between the two estates (George Holmes and Carl Blauwkamp) the Trustee owns a 36.68 % membership interest in Dunlap Development, LLC.

1

7.    Dunlap Development, LLC's assets consist of a 26,000 square foot office building, a 17,000 square foot retail center and a vacant lot located on Homestead Street, Zeeland, Michigan.

8.    The Trustee has received an offer to purchase the membership interest in Dunlap Development, LLC, owned by the Estate of George Holmes and the membership interest in Dunlap Development, LLC owned by the Estate of Carl Blauwkamp (sometimes collectively referred to as the "Estates") from Dunlap Development, LLC (the "Purchaser") on the terms and conditions set forth in the Purchase and Sale Agreement executed by the parties. A copy of the Purchase and Sale Agreement is attached as Exhibit A.

9.    The Purchaser has raised certain claims against the Estates, including but not limited to, claims for unpaid capital calls.

10.    The Trustee believes that acceptance of the offer is in the best interest of the Estates and seeks approval for the sale of each Estate's membership interest in Dunlap Development, LLC to the Purchaser on the terms and conditions set forth in the Purchase and Sale Agreement and as summarized herein.

11.    The offer described herein is the highest and best offer the Trustee has received. Under the circumstances, the Trustee believes the proposed sale is fair and reasonable, in the best interest of the Estate and well within the Trustee's exercise of his business judgment based on the following information available to the Trustee:

a)    There is a substantial capital call outstanding in the amount of approximately $14,661.74, with a likelihood of additional capital calls;

b)    The rental income appears at this time to be insufficient to pay all of the expenses of the company;

2

c)      The property has a value of approximately $1,993,600 to $2,178,000 after considering a Broker's opinion of value and the assessed value.

d)      The Company has current secured debt of approximately $2,216,084.66, owed to Mercantile Bank, with interest rate of 5.5%.

12.     The relevant sale terms can be summarized as follows:

a)      PROPERTY: The property to be sold is each Estate's 18.34% membership interest in Dunlap Development, LLC.

b)      SALE: The sale includes the membership interest of this Estate and the 18.34% membership interest of the Estate of George Holmes, or a total of a 36.68% membership interest in Dunlap Development, LLC.   Each Estate's respective interest in Dunlap Development, LLC will not be offered for sale separately.  Any interest party must be prepared to purchase the Estates' 36.68% membership interest.

The sale shall be to the Purchaser, subject to receipt of higher and better offers, with the purchase price to be paid as follows:

i)      The Purchasers have paid $25,000 in Earnest Money ($12,500 to the Estate of George Holmes and $12,500 to the Estate of Carl Blauwkamp), that has been deposited with the Trustee in escrow, subject to court approval of the sale.

ii)     Any party interested in bidding on the Estates' interest should consider the Purchase Price to be $25,000, with the successful bidder being required to make a $25,000 earnest money deposit on the date of the auction. No contingent bids shall be received. Closing shall

take place as soon as possible after the Court order approving the sale is final and non-appealable.

c)      TERMS: The membership interests in Dunlap Development, LLC will be sold "AS IS WHERE IS", without representation or warranty, express or implied, of any kind, nature or description.

d)      SATISFACTION OF LIENS: The Trustee is unaware of any liens against the Estates' interest in Dunlap Development, LLC.  The Estates' interest in Dunlap Development, LLC shall be sold free and clear of all liens, encumbrances, and/or claims therein, with said liens, encumbrances, and/or claims attaching to the sale proceeds, in the same order of validity, rank, and priority as now exists.  Any and all liens, claims and encumbrances shall be discharged when a copy of the Order Confirming Sale is entered by this Court and recorded with the appropriate authorities in Michigan.

13.    Any person objecting to the validity, proprietary or legality, and/or having any objection of any kind to the sale described herein, shall file a written objection to the sale on or before five (5) business days before the date set for the hearing on this Motion and simultaneously serve copies on the attorney for the Trustee and the Trustee, the Office of the United States Trustee and any other party described below, at the addresses listed in this Motion and, in accordance with Federal Rule of Bankruptcy Procedure 6004(B).

14.    The Trustee reserves the right to withdraw this Motion at any time prior to completion of the hearing thereon.

15.    The Trustee request that the Notice of Hearing and a copy of the Motion be served by ordinary mail upon the following parties:

4

a)    All parties listed on the Court's Special Matrix;

b)    Thomas R. Tibble, 2813 West Main Street, Kalamazoo, MI 49006;

c)    Lori L. Purkey, Purkey & Associates, PLC, 5050 Cascade Road, S.E., Suite A, Grand Rapids, MI 49546;

d)    The Office of the U.S. Trustee, 125 Ottawa N.W., Ste. 200R, Grand Rapids, Michigan 49503;

e)    Dunlap Development, LLC, c/o Scott Geerlings, President, Geerlings Development, 8516 Homestead Avenue, Suite 102, Zeeland, MI 49464.

WHEREFORE, the Trustee request that this Court enter an Order Confirming the Sale of the Estate's interest in Dunlap Development, LLC as set forth herein and that Thomas R. Tibble, Trustee be authorized to take such actions, make such payments and execute such documents as are reasonably necessary to effectuate said sale, and that the Court grant such other relief as may be just and proper.

Dated: January 7, 2015                    PURKEY & ASSOCIATES, P.L.C.


By:          / s / Lori L. Purkey
              Lori L. Purkey (P39111)
              5050 Cascade Road, SE, Suite A
              Grand Rapids, MI 49546
              (616) 940-0553
              purkey@purkeyandassociates.com

5

# EXHIBIT A

## PURCHASE AND SALE AGREEMENT

This Purchase and Sale Agreement (the "Agreement") by and between Dunlap Development, LLC ("the "Purchaser") and Thomas R. Tibble, chapter 7 Bankruptcy Trustee (the "Trustee" or "Seller") of the bankruptcy estate of the debtor George D. Holmes, Bankruptcy Case No. 14-04833, pending in the United States Bankruptcy Court for the Western District of Michigan and chapter 7 Bankruptcy Trustee of the bankruptcy estate of the debtor Carl Blauwkamp, Bankruptcy Case No. 14-05130, pending in the United States Bankruptcy Court for the Western District of Michigan (collectively sometimes referred to as the "Debtors"). The Purchaser and the Trustee are sometimes individually referred to herein as a "Party", and collectively referred to herein as the "Parties".

### RECITALS

A.      On July 17, 2014, George D. Holmes filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Michigan. Thomas R. Tibble was appointed and is the duly acting trustee in bankruptcy and as such is charged with the duty to administer the Debtor's Estate.

B.      On July 31, 2014, Carl Blauwkamp filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Michigan. Thomas R. Tibble was appointed and is the duly acting trustee in bankruptcy and as such is charged with the duty to administer the Debtor's Estate.

C.      On their respective Petition Dates, the Debtors each held an 18.34% membership interest in Dunlap Development, LLC, a Michigan limited liability company (or a total membership interest of 36.68%). The registered agent for Dunlap Development, LLC is Scott Geerlings, President of Geerlings Development.

D.      Dunlap Development, LLC is the owner of a 26,000 square foot office building, retail center and some vacant land between the buildings on Homestead Street, Zeeland, Michigan (collectively the "Property").

E.      Subject to overbid and the approval of the United States Bankruptcy Court for the Western District of Michigan having jurisdiction over the Debtors' estates, the Trustee desires to sell and the Purchaser desires to purchase the each Estate's 18.34% interest in Dunlap Development, LLC, all on the terms and conditions specified in this Agreement.

### AGREEMENT

NOW THEREFORE, on the terms and conditions and for the consideration set forth below, the Parties agree as follows:

1.      Sale of Interest.  On the Closing Date, as hereafter defined, Seller shall transfer, sell, convey, assign and deliver to Purchasers, and Purchasers shall purchase and acquire from the Seller, each of the Debtors' 18.34% interest membership interest in Dunlap Development, LLC.

2.1     Bankruptcy Court Approval. Except as expressly provided herein, no Party shall have any rights, duties, or obligations under this Agreement unless and until the Bankruptcy Court enters an order in each of the Debtors' cases ("Approval Orders") that, in substance (i) approves this Agreement, (ii)

1

authorizes the Trustee to convey the respective Estate's interest in Dunlap Development, LLC as contemplated herein and (iii) authorizes the Trustee to perform the terms of this Agreement.

2.2     The Trustee shall have the obligation to seek approval of this Agreement in accordance with §2.1 and shall file the appropriate Motion in each case (the "Approval Motions") seeking approval of this Agreement. In the event that the Approval Orders are entered and have become final, the Trustee may sell the Debtors' membership interest in Dunlap Development, LLC, to Dunlap Development, LLC or to another bidder the Trustee determines has made a better bid, in his unfettered exercise of discretion pursuant to the procedures set forth in the Approval Motions. Notwithstanding any other provision of this Agreement, (a) the Trustee shall have no obligation to defend any appeal from the Approval Order(s) or to pursue any appeal from the denial of the Approval Motion(s), and (b) if Purchaser fails to timely perform any act required of them under Section 3 of this Agreement, the Trustee shall have no obligation to seek approval of this Agreement.

2.3     Purchaser acknowledges that Seller is required to provide all interested parties, as defined in the Bankruptcy Code and Bankruptcy Rules, with notice of the hearings to approve a sale or settlement, together with all pertinent terms. In the course of the proceedings with regard to seeking court approval, it is possible that other bidders may submit bids for the Property which will be considered by the Bankruptcy Court. Purchaser further acknowledges that Seller is obligate to and the Bankruptcy Court will approve the highest and/or best offer made to the bankruptcy estates. Purchaser acknowledges that Seller has not requested or received approval of specific bid procedures relating to the sale of the Property, but if any competing bids are presented to the Bankruptcy Court at the hearing on the approval of the sale that require the institution of bid procedures, Seller may orally request approval of bid procedures at the hearing as necessary and in his discretion, provided, however, Seller will request that any initial or subsequent competing bid of a third party be in an amount greater than the sum of the Purchase Price or the last bid submitted by the Purchasers.

2.4     Purchaser agrees to cooperate with and perform all acts requested by the Trustee in his efforts to obtain entry of the Approval Orders. In particular, but without limitation, Purchaser shall not file any pleading that would or might delay or interfere win any way with the Trustee's efforts to obtain entry of the Approval Orders, or counsel, encourage, or assist any other person or entity to do so.

3.     Purchase Price. In consideration for the transfer and sale of the Debtors' membership interest in Dunlap Development, LLC, the Purchaser shall deliver to Seller the total consideration of $25,000 as follows: $25,000 ("Earnest Money") to be deposited with the Trustee upon execution of this Agreement to be held in the Seller's Trustee account(s) for the Debtors, in escrow, until the Closing Date or as otherwise herein provided. In the event this Agreement is not approved by the Bankruptcy Court, or in the event another purchaser is the successful bidder at the Bankruptcy Court auction sale, this Agreement will be null and void and the Earnest Money shall be returned to Purchaser. The Purchaser shall not be entitled to any credit for any unpaid capital contributions.

4.     Closing. The closing of the purchase and sale hereunder (the "Closing" or "Closing Date") shall occur at a time and location to be agreed upon by the Parties, but in no event shall the Closing Date occur prior to the date on which the order approving and authorizing the sale of the each Debtors' membership interest becomes a final, non-appealable order (the "Approval Orders") without any appeal having been taken. The Parties agree that the Closing Date shall take place as soon as possible after the Approval Orders become final and non-appealable.

2

5.      Acknowledgments by Purchaser.

Purchaser hereby acknowledges each of the following:

(a)      Purchaser has had the opportunity to consult with legal counsel of its choice concerning this agreement, including the meaning of the terms hereof and agrees to be bound to those terms.

(b)      The Trustee disposition of the Debtors' membership interest in Dunlap, LLC shall be on an AS IS, WHERE IS, basis, with all faults and without any representation or warranty whatsoever, whether express or implied, including warranty of title.

(c)      Purchaser has formed its own opinion as to the value of the Debtors' membership interest in Dunlap Development, LLC.

(d)      Purchaser understands that the Debtors' membership interest in Dunlap Development, LLC may be consummated with a bidder who has submitted a bid to the Trustee that is more than $25,000 and  the Trustee deems to be a better bid in his unfettered discretion.

6.      Attorneys' Fees and Costs.  Each Party shall bear its own attorneys' fees, expenses and costs incurred in connection with the subject of this Agreement and the preparation of this Agreement.

7.      Entire Agreement.  This Agreement constitutes the entire understanding between the Parties with respect to its subject matter, including any and all obligations and commitments of the Trustee and Purchaser.  This Agreement supersedes and replaces in their entirety any and all prior negotiations or understandings, whether oral or written.

This Agreement has no terms other than those expressly set forth herein. Each Party represents and warrant to each other Party that he/it are not signing this Agreement in reliance upon any term, representation, warranty, or other information other than those expressly set forth in this Agreement.

8.      Successors and Assigns.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, agents, representatives, successors, and assigns.

9.      Governing Law.  This Agreement shall be construed in accordance with and governed by the substantive laws of the State of Michigan (without regard to the Michigan law concerning choice of law).  Venue shall be in the United States Bankruptcy Court for the Western District of Michigan.

10.      Waiver of Jury Trial.  TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EACH PARTY TO THIS AGREEMENT HEREBY EXPRESSLY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION OR OTHER PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE PARTIES' RIGHTS AND OBLIGATIONS WITH RESPECT THERETO.

11.      Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Signatures by facsimile or other reproductive means are acceptable.

12.      Authority to sign.  Each person signing this Agreement on behalf of a Party represents and warrants to the other Party that he has the requisite power and authority to execute and deliver this Agreement on behalf of that Party and that this Agreement, when so executed and delivered, will be a binding obligation of and enforceable against such party in accordance with its terms.  Notwithstanding

3

the foregoing, the Trustee's authority to sign this Agreement is subject to Bankruptcy Court approval as set forth elsewhere in this Agreement.

13.   Notice.

13.1   Any notice, service, or demand under this Agreement shall be given by either (a) Federal Express, (b) hand delivery or (c) USPS first class mail, as follows:

To the Trustee:

Thomas R. Tibble
Chapter 7 Bankruptcy Trustee
2913 West Main Street
Kalamazoo, MI 49006

With Copies to:

Lori L. Purkey
Attorney for Thomas R. Tibble, Trustee
5050 Cascade Road, S.E., Suite A
Grand Rapids, MI 49546

To the Purchaser:

Dunlap Development, LLC
c/o Scott Geerlings, President
Geerlings Development Company
8436 Homestead Avenue, Suite 210
Zeeland, MI 49464

For purposes of notice given by Federal Express, notice shall be deemed effective upon "delivery" by Federal Express. Delivery for purposes of this paragraph shall mean Federal Express; actual delivery of the Notice to the address of the other Party, without the requirement of any signature by the receiving Party. Additionally, the refusal to accept a notice attempted to be delivered by Federal Express at that Party's address set forth above shall be deemed to have been delivered to that Party at the time of such attempted delivery. Delivery by USPS mail shall be completed upon mailing.

13.2   Any Party may change the person to whom and/or address to which notice to that Party shall be delivered by giving notice of such change in accordance with Section 13.1. In all events, the Parties shall designate an address to which Federal Express will deliver packages in the ordinary course of Business.

14.   Headings. The headings in this Agreement are for convenience of reference only and shall not limit or otherwise affect the meaning thereof.

15.   Time is of the Essence. The Trustee and the Purchaser acknowledge that time is of the essence in this Agreement. However, Purchaser further acknowledges that Seller's powers are set forth in the Bankruptcy Code and delineated by Order of the Bankruptcy Court, and that the Seller cannot act without Bankruptcy Court approval.

16.   No Assignment. This Agreement, any interest therein, shall not be assigned by Purchaser or Seller without the written consent of the other.

4

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused this Purchase and Sale Agreement to be executed on the date indicated below.

SELLER:

Dated: _____, 2014

THOMAS R. TIBBLE, Chapter 7 Trustee in The Estate of George D. Holmes

By: _____
      Thomas R. Tibble, Trustee

Dated: _____, 2014

THOMAS R. TIBBLE, Chapter 7 Trustee in The Estate of Carl Blauwkamp

By: _____
      Thomas R. Tibble, Trustee

PURCHASER:

Dated: _December 26_, 2014

Scott Geerlings, President
Geerlings Development Company
Registered Agent for Dunlap Development, LLC

5

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused this Purchase and Sale Agreement to be executed on the date indicated below.

SELLER:

Dated: _____

THOMAS R. TIBBLE, Chapter 7 Trustee in
The Estate of George D. Holmes

By: _____

Thomas R. Tibble, Trustee

Dated: _____

THOMAS R. TIBBLE, Chapter 7 Trustee in
The Estate of Carl Blauwkamp

By: _____

Thomas R. Tibble, Trustee

PURCHASER:

Dated: _____, 2014

_____
Scott Geerlings, President
Geerlings Development Company
Registered Agent for Dunlap Development, LLC

5

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CARL BLAUWKAMP,

Case No. 14-05130
Chapter 7
Honorable James W. Boyd

Debtor.

_____/

## ORDER CONFIRMING SALE OF ESTATE'S MEMBERSHIP INTEREST IN DUNLAP DEVELOPMENT, LLC

PRESENT:  Honorable James W. Boyd
United States Bankruptcy Judge

This matter having come before the Court on the Trustee's Motion for Authority to Sell Estate's Membership Interest in Dunlap Development, LLC; the Court having determined that service of the motion upon the Court's Special Matrix and interested parties was proper; the Court considered the matter and it appearing to the Court that the confirmation of the sale of said membership interest is in the best interest of this estate; and the Court being duly advised in the premises;

IT IS HEREBY ORDERED that the Trustee's Motion for Authority to Sell Estate's Membership Interest in Dunlap Development, LLC, to Dunlap Development, LLC for the sum of $12,500.

IT IS FURTHER ORDERED that the sale of the membership interest in Dunlap Development, LLC is made on as "AS IS, WHERE IS" basis on the date of the sale without representation or warranty, express or implied, of any kind, nature, or description, including without limitation, any warranty of merchantability, usability or fitness for any particular purpose.

IT IS FURTHER ORDERED that the sale of the above-described property is free and clear of any and all liens, claims and/or other interests in the property sold, as provided in the Motion for Authority to Sell Estate's Membership Interest in Dunlap Development, LLC. Any valid liens, claims or interests in or to the property sold, shall attach to the net proceeds of the sale in the same order, rank, and priority as they now exist.

IT IS FURTHER ORDERED that this Order shall operate as a discharge of all liens, claims and interests respecting the membership interest sold, which have been filed.

IT IS FURTHER ORDERED that the Trustee is authorized to convey the Estate's membership interest in Dunlap Development, LLC to the Purchasers, to execute any and all documents reasonably necessary to convey the Estate's membership interest in Dunlap Development, LLC and to pay all such costs and expenses as are necessary and proper.

Drafted by:
    Lori L. Purkey (P39111)
    Purkey & Associates, PLC
    5050 Cascade Road, S.E., Suite A
    Grand Rapids, MI  49546

**END OF ORDER**

# EXHIBIT C

January 14, 2015

Lori L. Purkey
Purkey & Associates, PLC
5050 Cascade Road, Suite A
Grand Rapids, MI 49546
Telephone: (616)940-0553
Facsimile: (616)940-0554

RE:    36.68% interest in the Dunlap Development, LLC
       Case 14-05130

Dear Ms. Purkey:

The purpose of this Letter of Intent is to submit to the above-referenced bankruptcy estate trustee ("Seller"), an Offer to Purchase the above referenced partnership interest ("Property"). This Letter of Intent provides basic terms and conditions under which Partnership Liquidity Investors II, LLC or assignee, ("Buyer") would purchase the Assets.

| | |
|---|---|
| **Purchase Price:** | $30,000 |
| **Source of Financing:** | All Cash |
| **Contingencies:** | None |
| **Breakup Fee:** | None |
| **Proposed Timing:** | Buyer to close within 10 days of entry of an Order confirming the final sale. |
| **Other Terms:** | This offer does not include an agreement to assume any of the guaranties or indemnities given in connection with the loans to the real property, companies, or partnerships. Consequently, this offer is conditioned upon there being no such assumption of the existing guaranties/indemnities. Sale is "as-is, where-is" with no warranties express or implied. |

VOICE: *(714) 293-0888 / FAX: (714) 908-1528*
*416 9TH STREET, HUNTINGTON BEACH, CA 92648*

**January 14, 2015**
Page 2

If these basic terms and conditions are acceptable to you, please indicate so by signing on the line provided below and returning an executed copy of this letter to me by 5:00 P.M. PST on January 31, 2015.

Please call me directly at (714) 293-0888 if you have any questions.  We look forward to working with you.

Sincerely,
Partnership Liquidity Investors II, LLC

*Jerome A. Fink*

By: Jerome A. Fink
Its: Manager

Approved:

By:       _____
Its:      _____

# EXHIBIT D

## ASSIGNMENT AGREEMENT OF INTEREST

## IN DUNLAP DEVELOPMENT, LLC, A MICHIGAN LIMITED LIABILITY COMPANY

This Assignment agreement of interest in Dunlap Development, LLC, a Michigan limited liability company (the "Agreement") is made is ___3rd___ day of March, 2015, by and between Thomas R. Tibble, Trustee (the "Trustee" and /or the "Assignor") and Partnership Liquidity Investors III, LLC, assignee of Jerome Fink (the "Assignee").

### Recitals

Whereas, on July 17, 2014, George D. Holmes filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Michigan, Case No. 14-04833, and Thomas R. Tibble is the duly appointed chapter 7 bankruptcy trustee of the estate;

Whereas, on July 31, 2014, Carl Blauwkamp filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Michigan, Case No. 14-05130, and Thomas R. Tibble is the duly appointed chapter 7 bankruptcy trustee of the estate;

Whereas, on their respective petition dates, George D. Holmes and Carl Blauwkamp each held an 18.34% membership interest in Dunlap Development, LLC, a Michigan limited liability company (or a total membership interest of 36.68%);

Whereas, the Trustee is the successor in interest to George D. Holmes and Carl Blauwkamp's membership interest in Dunlap Development, LLC;

Whereas, on or about December 26, 2014, the Trustee entered into a Purchase and Sale Agreement with Dunlap Development, LLC to sell the Estates' membership interest in Dunlap Development, LLC, subject to the receipt of a higher and better offer and bankruptcy court approval;

Whereas, subsequently the Trustee filed his Motion for Authority to Sell the Estate's Membership interest in Dunlap Development, LLC in the George D. Holmes case and in the Carl Blauwkamp case (collectively the "Trustee's Motions");

Whereas, a higher and better offer was received by the Trustee from Jerome Fink and his successor in interest, Partnership Liquidity Investors III, LLC;

Whereas, on February 21, 2015, the Court entered an Order Confirming Sale of Estate's membership interest in Dunlap Development, LLC in each Estate's case to the Assignee;

Whereas, on February 17, 2015, the Bankruptcy Court conducted a hearing on the Trustee's Motions, all interested parties were present through counsel, including Jerome Fink and Dunlap Development, LLC. The bid received by Assignee was presented to the Bankruptcy Court and although given an opportunity, no further bids were received from any party, including Dunlap Development, LLC, who advised the court that it would not increasing its bid;

Whereas, on February 21, 2015, the Bankruptcy Court entered an Order Confirming Sale of Estate's Membership interest in Dunlap Development, LLC in the George D. Holmes case and in the Carl Blauwkamp case (collectively the "Orders");

NOW THEREFORE, for good and valuable consideration, the receipt and sufficient of which is hereby acknowledged, the Assignor and the Assignee agree as follows:

1

1.    The recitals hereto are true and correct;

2.    Pursuant to the Orders, the Assignor hereby delivers, sells, conveys, assigns and transfers all of his right, title and interest in and to Dunlap Development, LLC to the Assignee and the receipt of payment is hereby acknowledged.

3.    The sale of the membership interest in Dunlap Development, LLC from the Assignor to the Assignee is made on as "As Is, Where Is" basis without any representation or warranty, express or implied, of any kind, nature or description.

4.    The sale of the membership interest in Dunlap Development, LLC is free and clear of any and all liens, claims and/or other interest in the property sold, as provided in the Trustee's Motions. Any valid liens, claims or interest in or to the property sold, shall attach to the net proceed of the al in the same order, rank, and priority as they now exist.

5.    This Agreement is governed by and shall be construed in accordance with the laws of the State of Michigan.

6.    This Assignment may be executed in counterparts, including facsimile counterparts, each of which will be deemed to be an original and all of which are one and the same assignment, but all of which shall together constitute one and the same instrument.

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed as of the date first written above.


TRUSTEE/ASSIGNOR:

_____

Thomas R. Tibble, Trustee in the Estates
Of George D. Holmes and Carl Blauwkamp


ASSIGNEE:                                    Partnership Liquidity Investors III, LLC

By: _____
        Jerome A. Fink

Its: Manager

2

1.      The recitals hereto are true and correct;

2.      Pursuant to the Orders, the Assignor hereby delivers, sells, conveys, assigns and transfers all of his right, title and interest in and to Dunlap Development, LLC to the Assignee and the receipt of payment is hereby acknowledged.

3.      The sale of the membership interest in Dunlap Development, LLC from the Assignor to the Assignee is made on as "As Is, Where Is" basis without any representation or warranty, express or implied, of any kind, nature or description.

4.      The sale of the membership interest in Dunlap Development, LLC is free and clear of any and all liens, claims and/or other interest in the property sold, as provided in the Trustee's Motions. Any valid liens, claims or interest in or to the property sold, shall attach to the net proceed of the al in the same order, rank, and priority as they now exist.

5.      This Agreement is governed by and shall be construed in accordance with the laws of the State of Michigan.

6.      This Assignment may be executed in counterparts, including facsimile counterparts, each of which will be deemed to be an original and all of which are one and the same assignment, but all of which shall together constitute one and the same instrument.

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed as of the date first written above.

TRUSTEE/ASSIGNOR:

Thomas R. Tibble, Trustee in the Estates
Of George D. Holmes and Carl Blauwkamp

ASSIGNEE:

Partnership Liquidity Investors II, LLC

By: _____

Its: _____