DUNLAP DEVELOPMENT LLC,

       Plaintiff,

                                   CASE NO. 1:15-CV-0487

v.

                                   HON. ROBERT J. JONKER

JEROME FINK,

       Defendant.

_____/

## ORDER

Before the Court is Defendant Jerome Fink's Motion to Dismiss (docket no 6). Defendant has filed a brief in support of his motion (docket no. 7) and a reply (docket no. 17), and Plaintiff filed a preliminary response (docket no. 9) and counterclaim for declaratory judgment (docket no. 14). On June 8, 2015, the parties met in this Court for a Rule 16 scheduling conference, at which time the Court and the parties discussed whether this Court has subject matter jurisdiction over the matter, and also whether a referral order to the bankruptcy court is appropriate. On the jurisdictional issue, Defendant filed a statement (docket no. 13) and Plaintiff submitted a response (docket no. 15).

### I. BACKGROUND

This case is about the purchase of an interest in Dunlap Development, LLC ("Dunlap") by Jerome Fink. Ownership of Dunlap was originally shared between five individuals. Two of these individuals, George Holmes and Carl Blauwkamp, filed a Chapter 7 bankruptcy petition. The bankruptcy court approved a sale of their interests in

1

Dunlap to Defendant, or to an assignee of Defendant. In addition, during the pendency of the bankruptcy, the remaining three members (Scott Geerlings, Randell Price, and Steven Berry) of Dunlap amended Dunlap's operating agreement. Under the terms of the amended operating agreement, put briefly, new Dunlap members must personally guaranty Dunlap's debt or make a loan to Dunlap, and pay capital contributions. Ostensibly, this amendment has the effect of making it less desirable to acquire an interest in Dunlap.

Plaintiff Dunlap has demanded that Defendant Fink submit the monies required under the amended operating agreement. Defendant maintained that the amendment was improper, and refused to pay the requested funds. Other points of contention between the parties linger in the background. The parties agree that Holmes and Blauwkamp's interests in Dunlap no longer belong to them, but disagree whether the interest now belongs to Defendant Jerome Fink in his individual capacity, or to Partnership Liquidity Investors III, LLC, a company on behalf of which Defendant Fink claims he acquired the interest in Dunlap. Different elements from the bankruptcy court record suggest different conclusions as to the approved acquiring party. The parties further disagree whether the interest sold was a full LLC membership in Dunlap, or something less than that, and more like a simple right to future distributions, if any, from Dunlap.

Plaintiff Dunlap filed suit in Michigan state court, alleging claims for breach of contract, declaratory judgment, tortious interference, and breach of fiduciary duty. On May 8, 2015, Defendant Fink removed the case to federal court on the basis that the Court had diversity jurisdiction under 28 U.S.C. § 1332. On May 19, 2015, this Court set a Rule 16 scheduling conference and issued an order indicating that the parties should be prepared to address various jurisdictional issues (docket no. 4). The Court discussed these jurisdictional

2

issues with the parties on June 8, 2015, and in an Order requested supplemental submissions on the jurisdictional question (docket no. 12).

## II. DISCUSSION

Section 1334 grants jurisdiction to federal district courts in bankruptcy cases as follows:

**(a)** Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

**(b)** Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

**(c)** **(1)** Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334.

In addressing the extent of a district court's jurisdiction under § 1334 over proceedings "related to" bankruptcy cases, courts begin with the premise that the "emphatic terms in which the jurisdictional grant is described in the legislative history, and the extraordinarily broad wording of the grant itself, leave us with no doubt that Congress intended to grant to the district courts broad jurisdiction in bankruptcy cases." *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996), *as amended on denial of reh'g and reh'g en banc* (Jun. 3, 1996) (quoting *In re Salem Mortgage Co.*, 783 F.2d 626, 634 (6th Cir. 1986)); *see also Celotex Corp. v. Edwards,* 115 S. Ct. 1493, 1499 (noting that this grant of jurisdiction is to be construed comprehensively). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either

3

positively or negatively) and *which in any way impacts upon the handling and administration of the bankrupt estate*." *In re Greektown Holdings, LLC*, 728 F.3d 567, 577 (6th Cir. 2013) (emphasis added) (internal quotation marks omitted). Accordingly, federal courts have found that they have "related to" jurisdiction under § 1334 in a wide variety of cases. *See, e.g.*, *In re Dow Corning Corp.*, 778 F.3d 545, 549 (6th Cir. 2015) (finding that an individual's tort claim against a bankrupt manufacturer met section 1334's "related to" jurisdictional requirement); *Waldman v. Stone*, 698 F.3d 910, 916 (6th Cir. 2012) (finding "related to" jurisdiction where judicial resolution of the claims could affect the debts or assets involved in the bankruptcy).

Applying the law to the facts presented here, the Court finds that it has jurisdiction under § 1334. This case clearly is "related to" the bankruptcy case. In fact, one of the key issues will be what the bankruptcy court actually approved and meant to approve in the sale of the interest in Dunlap. Also at issue will be the Dunlap's ability to make and enforce changes to its operating agreement that arguably have the purpose and effect of decreasing the value of an interest in Dunlap, and thereby, in the property of the estate.

The next question is whether referral to the bankruptcy court is appropriate. *See Muratore v. Darr,* 375 F.3d 140, 147–48 (1st Cir. 2004) (holding that district courts cannot refer cases to bankruptcy court if the district court lacks subject matter jurisdiction). Section 157 provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157 ; *see also In re Wolverine Radio Co.*, 930 F.2d 1132, 1140 n.12 (6th Cir. 1991) (same). This Court has

implemented the referral power to the maximum extent possible. LCivR (W.D. Mich) 83.2(a).

District courts have found referral appropriate where the claims are, at their core, bankruptcy claims over which the bankruptcy court is at the height of its power, and whether the resolution of these claims could impact the process of administering the estate. *See McKinstry v. Sergent*, 442 B.R. 567, 570 (E.D. Ky. 2011). For the reasons stated above, the Court finds that referral is appropriate. Moreover, at the Rule 16 scheduling conference, both parties indicated that clarification of the bankruptcy court's order—including, but not limited, to whether the interest was transferred to Jerome Fink in his capacity as an individual, or acting on behalf of the company Partnership Liquidity Investors III, LLC—was necessary to proceed on the motion to dismiss. There Court therefore refers the matter to the bankruptcy court.

### III.  CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the matter be referred to the bankruptcy court under 28 U.S.C. § 1334, 28 U.S.C. § 157, and Local Rule 83.2(a) for all appropriate proceedings.

**IT IS SO ORDERED.**


Dated:  June 22, 2015              /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE